IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JESSICA CERMACK, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| (1) TWIN CITY FIRE INSURANCE ) | (*Removed from District Court* |
| COMPANY, a foreign corporation, ) | *of Tulsa County* |
| ) | *Case No. CJ-2017-3397*) |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Twin City Fire Insurance Company ("Twin City"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. The grounds for removal are as follows:

1. Plaintiff commenced this action styled *Jessica Cermack v. Twin City Fire Insurance Company*, Case No. CJ-2017-3397 (the "Action"), by filing a Petition with the District Court of Tulsa County, Oklahoma (hereinafter referred to as the "Complaint"), on August 25, 2017.

2. The Complaint asserts claims against Twin City for alleged breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff seeks damages in an amount in excess of $75,000, exclusive of attorneys' fees, costs, and interest. *See* Complaint at "Wherefore" clause (Ex. 1).

3. The Complaint in the Action is attached as Exhibit 1. A copy of the Docket Sheet, Tulsa County Case No. CJ-2017-3397, is attached as Exhibit 2. A copy of a filed return

of service is attached as Exhibit 3.  A copy of the service of process through CT Corporation on Twin City is attached as Exhibit 4.  Twin City is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibit 1-4.  Moreover, there are no motions pending before the Tulsa County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Twin City has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## I. Twin City has satisfied the procedural requirements for removal.

5. Twin City was served with the Complaint on September 5, 2017. *See* Ex. 4. Therefore, this removal is timely filed under 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Tulsa County, Oklahoma, where the Action was pending.  *See* 28 U.S.C. § 116(a).

7. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states.  Thus, the Action may be removed to this Court by Twin City pursuant to 28 U.S.C. § 1441(a).

**A.   The amount in controversy requirement is satisfied.**

9.   It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs.  *See* Ex. 1, Complaint at "Wherefore" clause ("Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) …")

10.   The assertions regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met.  28 U.S.C. § 1446(c)(2).

**B.   Complete diversity of citizenship exists between Plaintiff and Twin City.**

11.   Twin City is incorporated in Indiana with its principal place of business in Connecticut.  For purposes of determining diversity jurisdiction, Twin City is therefore a citizen of Indiana and Connecticut.

12.   Plaintiff is a resident of Oklahoma.  *See* Ex. 1, Complaint, ¶ 1.  Residence, while not equivalent to citizenship, is prima facie evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Domicile is equivalent to citizenship for purposes of diversity jurisdiction.  *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).  Based on the foregoing and upon information and belief, Plaintiff is a citizen of the State of Oklahoma.

13.   Twin City reserves the right to amend or supplement this Notice of Removal.

14.   Twin City reserves all defenses, including, without limitation, those set forth in FED. R. CIV. P. 12(b).

15. Twin City has not yet filed a responsive pleading and reserves the right to file its responsive pleading in accordance with FED. R. CIV. P. 81(c)(2)(C), or as otherwise extended by Order of this Court.

16. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Twin City removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 25th day of September, 2017.

*/s/ Jessica L. Dickerson*
William S. Leach, OBA # 14892
Jessica L. Dickerson, OBA # 21500
McAfee & Taft A Professional Corporation
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK  74103
(918) 587-0000 (phone)
(918) 599-9317 (fax)
bill.leach@mcafeetaft.com
jessica.dickerson@mcafeetaft.com

Jodi W. Dishman, OBA # 20677
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:      (405) 235-9621
Facsimile:       (405) 235-0439
E-mail:           jodi.dishman@mcafeetaft.com
*Attorneys for Defendant Twin City Fire Insurance Company*
ATTORNEY FOR DEFENDANT
TWIN CITY FIRE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Donald Smolen
Laura L. Hamilton
ATTORNEYS FOR PLAINTIFF

*/s Jessica L. Dickerson*
Jessica L. Dickerson