

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JESSICA CERMACK, as an individual<br><br>Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, a Foreign Corporation<br><br>Defendant. | DISTRICT COURT<br>FILED<br>AUG 25 2017<br>DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY<br><br>CJ-2017-03397<br><br>DAMAN CANFIELD |

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW Plaintiffs, Jessica Cermack, by and through her attorneys, Donald E. Smolen, II, and Laura L. Hamilton, of the firm SMOLEN, SMOLEN & ROYTMAN, PLLC, and for her cause of action against the Defendant, Twin City Fire Insurance Company, states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant Twin City Fire Insurance Company is a foreign corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

3. The accidents and injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

1. Paragraphs 1-4 are incorporated herein by reference.

2. On or around December 18, 2015, a multi-vehicle accident involving Plaintiff and Suzanne McKown occurred.

**EXHIBIT 1**

3. On said date, Plaintiff was driving southbound on South Harvard Avenue between 19th and 21st street, when she came to a complete stop due to traffic congestion. The vehicle behind Plaintiff, driven by Ryan Smith was also stopped due to the traffic congestion.

4. Ms. McKown was also driving southbound on South Harvard Avenue between 19th Street and 21st Street. Ms. McKown failed to stop despite the vehicles stopped in front of her and Ms. McKown's vehicle struck Ryan Smith's vehicle which caused Mr. Smith's vehicle to collide with Plaintiff's vehicle.

5. As a result of the collision, Plaintiff suffered personal injury, pain and suffering, was unable to go about her business as usual and incurred medical and other expenses.

6. At the time of the collision, Plaintiff was covered by a policy of insurance written by Defendant that included both uninsured/underinsured motorist ("UM") and medical payments ("medpay") coverages.

7. Plaintiff made claims for her injuries with Defendant and demanded payment.

8. Plaintiff has completed all conditions precedent to coverage and is entitled to benefits under said policy of insurance.

9. Defendant has arbitrarily and unreasonably failed and refused to pay Plaintiff benefits under her policy.

10. As a result, Plaintiff has suffered financial hardship, pain and suffering and other actual damages.

## CAUSES OF ACTION

### I. BREACH OF CONTRACT

11. Paragraphs 1-10 are incorporated herein by reference.

12. Plaintiff had a policy of insurance coverage with Defendant at the time of the collision caused by Ms. McKown.

13. Pursuant to said policy of insurance, coverage applies to the situation described herein and Plaintiff is entitled to benefits thereunder.

14. Plaintiff has performed all conditions precedent under said policy.

15. Plaintiff has requested Defendant tender payment under said policy but Defendant has failed and refused.

16. Defendant has breached its contract of insurance and has wholly refused and/or unreasonably neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance policy and Plaintiff is entitled to judgment against Defendant for the personal injuries Plaintiff has suffered caused by the December 18, 2015 collision.

## II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. Paragraph 1-16 are incorporated herein by reference.

18. Plaintiff had a policy of insurance coverage with Defendant at the time of the collision caused by Ms. McKown.

19. Plaintiff requested Defendant tender benefits pursuant to said policy.

20. As of the date of filing this petition, Defendant has yet to tender the benefits owed to Plaintiff.

21. Defendant owes Plaintiff a duty to deal fairly and in good faith with her and her counsel in the handling of her insurance claim.

22. In its handling of Plaintiff's claim for benefits under the insurance policy, Defendant breached its duty to deal fairly and in good faith towards Plaintiff in the following respects:

a) Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

b) Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c) Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d) Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

e) Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f) Intentionally and recklessly misapplying the provisions of the insurance policy;

g) Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h) Failing to properly investigate the Plaintiff's claim for benefits;

i) Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j) Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

k) Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

23. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## Count III. Punitive Damages

24. Paragraphs 1 through 24 are incorporated herein by reference.

25. The intentional, wanton, and reckless conduct of Defendant in disregard of the Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon the Plaintiff and others.

26. That such actions, or lack thereof, were not only detrimental to the Plaintiff but to the public in general.

27. Defendant has acted intentionally, maliciously and in reckless disregard of the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing this suit, punitive damages in excess of Seventy-Five Thousand ($75,000.00), reasonable attorney's fees, and all other relief deemed appropriate by the Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA#22619
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorney for Plaintiff*